UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOODMAN BALL, INC., | |
| Plaintiff(s), | No. C07-1148 BZ |
| v. | **ORDER GRANTING JURISDICTIONAL DISCOVERY** |
| CLEAR WATER USA, INC., et al., | |
| Defendant(s). | |

Before me is defendants' motion to dismiss plaintiff's complaint for lack of personal jurisdiction and improper venue or, in the alternative, to transfer venue.[1] Plaintiff's complaint accuses Clear Water USA, Inc., and Denouement Strategies, Inc., of infringing on its patented water purification technology in violation federal patent law. See Complaint ¶ 1. Defendants argue that this Court does not have personal jurisdiction over them and that plaintiff's complaint must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). They also attack plaintiff's choice of venue and, alternatively, seek transfer to the Middle District

---

[1] All parties have consented to my jurisdiction for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

1  Court in Florida.  In its opposition, plaintiff requested
2  leave to take jurisdictional discovery in the event I cannot
3  resolve the matter on this record.
4     Having considered the parties' papers[2] and the
5  declarations and other admissible evidence provided therewith,
6  I conclude that the factual record is inadequate to permit a
7  proper resolution of the motion and that plaintiff should be
8  allowed to take limited jurisdictional discovery.[3]
9     Jurisdictional discovery "is appropriate where the
10 existing record is 'inadequate' to support personal
11 jurisdiction and 'a party demonstrates that it can supplement
12 its jurisdictional allegations through discovery.'"  Trintec
13 Industries, Inc. v. Pedre Promotional Products, Inc., 395 F.3d
14 1275, 1283 (Fed. Cir. 2005) (citing GTE New Media Servs., Inc.
15 v. BellSouth Corp., 199 F.3d 1343, 1351-52 (D.C. Cir. 2000));
16 see also Harris Rutsky & Co. Ins. Servs., Inc. v. Bell
17 & Clements Ltd., 328 F.3d 1122, 1135 (9th Cir. 2003).
18 Contrary to defendants' assertion, plaintiff's argument as to
19 the presence of personal jurisdiction is neither attenuated

---

[2] Plaintiff filed a request for leave to file a sur-reply to defendants' reply.  Docket No. 31.  Good cause appearing, that request is **GRANTED**.  Plaintiff's sur-reply [Docket No. 31-2] is deemed filed.

[3] With their reply, defendants objected to certain evidence proffered by plaintiff [Docket No. 30], including relevance objections to copies of a default judgment and notice of recording foreign judgment relating to a California state suit between Clear Water and a California resident corporation. This evidence goes to Clear Water's connections to California; I therefore **OVERRULE** these objections.  The remaining three objections dealt with evidence I did not rely on to reach this determination.  I will therefore **DEFER** ruling on these objections until after discovery and further briefing.

nor based on bare allegations.  The evidence plaintiff has provided combined with Mr. Holmich's inconsistent statement, is sufficient to allow plaintiff to conduct limited discovery in support of its jurisdictional allegations.  The court suggests plaintiff focus its discovery on the following areas:

   1.  Whether the water purification systems found in California originated with defendants.

   2.  The relationship between defendants, Acqua America, Inc., and Mach II Aviation, Inc.;

   3.  Defendants' roles in purchasing, selling, shipping, maintaining, or servicing the allegedly infringing purification systems found by plaintiff in Port Hueneme, California.

   4.  The extent to which defendants have conducted business in California via their web sites;

   For the reasons discussed, **IT IS HEREBY ORDERED** that plaintiff's request to take jurisdictional discovery is **GRANTED**.  Plaintiff shall file a supplemental opposition limited to any newly discovered evidence on the jurisdictional issue by **August 31, 2007.**  Defendants shall file a reply by **September 10, 2007.**  The motion will be heard on **September 19, 2007 at 10:00 a.m.** in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.  The hearing scheduled for **July 11, 2007** is **VACATED.**

Dated:  June 21, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\Goodman Ball\ORDER.GRANT.JURSID.DISC.wpd