UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOODMAN BALL, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> CLEAR WATER USA, INC., et al., <br><br> Defendant(s). | No. C07-1148 BZ <br><br> **ORDER OF DISMISSAL** |

Following a Court ordered mediation which resulted in a reported settlement, on February 29, 2008, the Court dismissed this patent infringement case with prejudice, subject to the condition that any party could restore the case to the calendar in 60 days if the settlement was not consummated. No party filed a request to reopen by April 30, 2008.

Instead, on December 3, 2008, plaintiff moved to reopen the case, asking to be relieved of its prior default under Rule 60(b). Plaintiff represented to the Court that the case should be reopened because defendants had fraudulently entered into the settlement and fraudulently induced it into believing that the settlement would be consummated. Surprisingly, no

1

defendant filed an opposition.  Accordingly, on January 6, 2009, I granted plaintiff's motion to reopen the case.

On May 15, 2009, defendants Mach II Aviation, Inc. and Escape Velocity of Tampa Bay, Inc., represented by new counsel,[1] filed a motion pursuant to Fed. R. Civ. Proc. 60(b), requesting relief for their failure to have opposed plaintiff's earlier motion.  The moving defendants filed a series of declarations, which essentially state that following the mediation, they had carried out the settlement agreement by paying the first two installments required by the settlement (totaling $60,000.00), and would have paid the remaining $45,000 had plaintiff not moved to reopen the case.  The declarations further stated that the only party who had not consummated its part of the settlement was SolarDiesel Corporation, which earlier had been dismissed from this suit for lack of personal jurisdiction and which had filed a Chapter 11 bankruptcy proceeding on June 13, 2008.[2]

In its opposition, plaintiff does not deny having received $60,000.00 from the moving defendants or explain why it did not inform the Court of this fact when it filed its motion.  Plaintiff's counsel also admits that he was aware of

---

[1]  In the interim, I granted the motion of previous counsel to withdraw on the grounds that Caryl E. Delano, the partner handling this matter, had become a bankruptcy judge shortly before plaintiff filed its motion, and her partner Michael C. Addison, had never represented the defendants, had no knowledge of this dispute, and was not admitted to practice in this Court.

[2]  Though it had been dismissed for lack of jurisdiction, it appears that SolarDiesel voluntarily participated in the mediation.

2

1  Ms. Delano becoming a bankruptcy judge and that on April 16,
2  2008, he sent a notice of default to Ms. Delano.  What
3  plaintiff failed to do was request the Court to reopen this
4  case or ask for an extension of the 60 day period.  Instead,
5  commencing in June 2008, counsel for plaintiff engaged in a
6  series of email communications with Michael Carey, a Florida
7  attorney who represents the moving defendants in Florida,
8  which can be fairly characterized as non-productive.  That
9  December, plaintiff filed its motion for relief from its
10 failure to reopen the case prior to April 30.
11     Having the complete record before me, I conclude that the
12 moving defendants' motion should be **GRANTED**.  Had I had a
13 complete record, I would not have granted plaintiff's motion
14 for relief since it appears that far from repudiating the
15 settlement, the only remaining defendants had honored it.  The
16 Memorandum of Understanding signed by the parties does not
17 provide for the Court retaining jurisdiction to enforce the
18 settlement and was not spread on the minutes of the Court.  It
19 does state that in the event a final settlement agreement is
20 not signed, "this term sheet is intended to be, and shall
21 serve as, a valid and enforceable contract."  Absent a
22 provision reserving jurisdiction, any breach of a settlement
23 agreement requires that the aggrieved party sue for breach of
24 contract, this court having lost jurisdiction of the case once
25 it was dismissed.  See Kokkonen v. Guardian Life Ins. Co. of
26 Am., 511 U.S. 375, 378 ("Enforcement of the settlement
27 agreement, however, whether through award of damages or decree
28 of specific performance, is more than just a continuation or

1 | renewal of the dismissed suit, and hence requires its own
2 | basis for jurisdiction").

3 |     When the Court lost jurisdiction over this case on April 30, 2008, the moving defendants had made the payments required of them.  To the extent that on that date SolarDiesel was in default, it was not a defendant in this action.  Moreover, SolarDiesel has entered bankruptcy, which has the effect of staying any proceeding against it in this Court.  Under the circumstances, it appears to be in the interests of justice to require moving defendants to make the final two payments required by the settlement and for plaintiff to pursue its claims against SolarDiesel in the bankruptcy proceeding in Florida.

    **IT IS THEREFORE ORDERED** that defendants' motion is **GRANTED**, on condition that they pay plaintiff the final two installments totaling $45,000 by **August 15, 2009.**  Upon defendants filing proof of payment, a final judgment will be entered dismissing this case for lack of jurisdiction.  I find no need for argument and vacate the hearing scheduled for **August 12, 2009**.

Dated:   August 5, 2009

                                        _____
                                          Bernard Zimmerman
                                  United States Magistrate Judge

G:\BZALL\-BZCASES\GOODMAN BALL\ORDER OF DISMISSAL.wpd