UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOODMAN BALL, INC., <br>       Plaintiff(s), <br>   v. <br> CLEAR WATER USA, INC., et al., <br>       Defendant(s). | No. C07-1148 BZ <br><br> **ORDER OF DISMISSAL** |

On February 13, 2008 the remaining parties settled this case during mediation. On February 29, 2008 I issued a conditional dismissal which allowed the parties to reopen the case within 60 days if the settlement was not consummated. No party moved to reopen the case within the 60 day period. On December 12, 2008 plaintiff filed a motion to reopen the case, pursuant to Rule 60(b), which I granted as unopposed. Thereafter defendants Mach II Aviation, Inc. and Escape Velocity of Tampa Bay, Inc., represented by new counsel, filed a motion pursuant to Rule 60(b), requesting relief from their failure to have opposed plaintiff's earlier motion. On August 5, 2009, I granted their motion and found that based on the

complete record, I would not have granted plaintiff's earlier motion.  In part this is because defendants persuaded me that they had tried to consummate the settlement, making two payments totaling $60,000, but had been deterred by various acts of plaintiff, including the filing of the motion to reopen.  I therefore conditioned the granting of defendants' motion on their paying the final installments.  This they failed to do, contending that the import of my finding was that plaintiff was not entitled to reopen the case and that the Court had not retained jurisdiction to enforce the settlement.

Having further considered the matter, I conclude that the case should be dismissed.  Plaintiff's motion to reopen was based on Rule 60(b) as interpreted in Keeling v. Sheet Metal Workers' Int'l. Assoc., 937 F.2d 408, 410 (9th Cir. 1991).  Essentially plaintiff claimed that defendants' conduct amounted to fraud and satisfied the "extraordinary circumstances" standard of Keeling.  Having all the facts before me, I find that that standard was not satisfied, at least as far as the two defendants before the Court are concerned.[1]  The fact that the defendants made two of the four payments required by settlement, totaling $60,000, suggests that they did not enter into the settlement with the intent to defraud plaintiff or engage in a fraud upon the Court.  Had that been their intent, they would not have paid the money;

---

[1] To the extent that Solar Diesel's conduct may have been more egregious, Solar Diesel had been dismissed for lack of jurisdiction so reopening the case would provide plaintiff with no recourse against that party.

2

certainly not the second payment which was made after the time to reopen the case had passed.

The Court is also satisfied that it lacks jurisdiction to enforce the settlement.  The settlement agreement states that "the parties shall stipulate to the dismissal of the action with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement".  Plt's Mot. to Reopen Ex. 1 ¶ 5.  However, no such stipulation was ever submitted and the Court never entered an order retaining jurisdiction.  While <u>Kokkonen v. Guardian Life Insurance Co. Of America</u>, 511 U.S. 375, 378 (1994) seems to assume without deciding that the Ninth Circuit ruling in <u>Keeling</u> is correct insofar as reopening a case is concerned, the Supreme Court made it clear that absent an explicit retention of jurisdiction, once a case is dismissed, a court lacks jurisdiction to enforce a settlement agreement.

For these reasons, I conclude that the Order granting the plaintiff's motion to reopen case filed January 6, 2009 was improvidently entered and it is hereby **VACATED**.  **IT IS FURTHER ORDERED** that this Court does not have jurisdiction to enforce the settlement.  **IT IS THEREFORE ORDERED** that this case be **DISMISSED**.[2]  Plaintiff's motion to enforce the Court's Order

///

///

///

---

[2] This Order is without prejudice to any rights that plaintiff has to pursue Solar Diesel in its bankruptcy proceeding or elsewhere or to file a separate action against defendants for breach of contract.

and for attorneys' fees is **DENIED**.

Dated:  December 4, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\GOODMAN BALL\FINAL ORDER OF DISMISSAL.BZ VERSION.wpd

4